## E. F. Heywood, Jr., for use of Greenville Stone & Gravel Company, Appellee, v. Old Colony Trust & Savings Bank, Appellant.

### Gen. No. 22,721. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Charles N. Goodnow, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 12, 1917. Rehearing denied March 26, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by E. F. Heywood, Jr., for use of Greenville Stone & Gravel Company, a corporation, plaintiff, against Old Colony Trust & Savings Bank, a corporation, defendant, to recover the amount of a check drawn by the plaintiff upon his account in the defendant bank which the defendant refused to pay when same was presented. From a judgment for plaintiff for $1,632.53, defendant appeals.

The plaintiff was secretary of the Marsh Company, commission brokers in the purchase and sale of contractors' machinery and equipment, which negotiated for the Greenville Stone & Gravel Company a deal with the Village of Forest Park for the purchase of certain boilers for $1,500, less the cost of dismantling and loading the boilers, the Marsh Company's commission on the deal being $500. Checks by the beneficial plaintiff for these amounts were given to the Marsh

Company, which indorsed same and plaintiff deposited the $1,500 check to his personal account in the bank, but the bank credited same to its debt due from the Marsh Company and notified that company and plaintiff thereof. Plaintiff then drew his check for $1,498.50 upon his personal account to the order of the president of the beneficial plaintiff who presented same for payment and payment was refused. Defendant claimed a set-off for the full amount of plaintiff's claim, to which plaintiff filed affidavit that the Marsh Company had no ownership or interest in plaintiff's check or the funds represented thereby, that the equitable interest therein was in the beneficial plaintiff, and that plaintiff was not agent for the Marsh Company in making deposits of that company to plaintiff's credit in the bank. Judgment was for the amount of the check with interest.

KING, BROWER & HURLBUT, for appellant.

JOHN L. HOPKINS, JOHN W. CREEKMUR and D. J. DEWOLFE, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. BANKS AND BANKING, § 90*—*when evidence is sufficient to show that funds represented by check equitably belonged to third person.* Evidence *held* to show that the funds represented by a certain check drawn to the order of the company of which plaintiff was secretary and deposited by the plaintiff, after indorsement by the company, to his personal account in the defendant bank equitably belonged to the beneficial plaintiff and were held by the plaintiff in trust, and that the company to whose order the check was drawn had no interest, legal or equitable, in such funds, in an action to recover the amount of a check drawn by the plaintiff upon his said account which the defendant refused to pay.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. BANKS AND BANKING, § 90*—*when funds in account of depositor are wrongfully applied upon account of third person.* Where a party holding funds in trust deposited same in a bank to his personal account, *held* that the legal title to such funds was in the depositor and the equitable title in the one for whom the depositor held them in trust, and that the bank wrongfully applied the funds upon the account of a third party, a corporation, of whom the depositor was an officer.

3. INTEREST, § 5*—*when allowed.* Where a bank wrongfully refused payment of a check drawn upon the drawer's account therein, the funds of which it had illegally applied upon the account of another, *held* that the drawer would be entitled, upon recovery for the amount of the check, in an action for the use of the equitable owner, to interest either upon the theory that there was an unreasonable and vexatious delay in withholding payment or on the theory that interest will be allowed on money received to the use of another.